IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONTRA KANTER, | |
| Plaintiff, | 8:24CV132 |
| vs. | |
| BEHLEN MFG., Corporation; | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's Complaint. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis ("IFP"). *See* Filing No. 5. The Court will now conduct an initial review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

Plaintiff states the basis for jurisdiction in this case is the "Notice of Rights under the ADA Amendments Act of 2008." Filing No. 1 at 3. Plaintiff's statement of claim states that she suffers from a mental illness. Filing No. 1 at 4. She was asked by employer to get FMLA, and she "got FMLA." *Id*. Plaintiff "was put in situations that was not good for my mental illness." *Id*. She also alleges she "was treated diff cause FMLA." *Id*. Plaintiff contacted the EEOC, and "[t]he first case was closed but a new one for retaliation was opened cause of the terrible was [she] was treated for filing with them." *Id*. The EEOC issued a right to sue. *Id*. Plaintiff then alleges she "[w]as threatened by HR team. Had a mental break down. Company did nothing." *Id*.

Plaintiff alleges she lost a month of wages after her mental breakdown. *Id*. When Plaintiff had her breakdown, a psychologist pulled her off work and she "only got 75% of wages for a month all the time." *Id*. Plaintiff alleges she

had to use FMLA and had not been paid "for the extra Dr. visits cause of retaliation." *Id.* Plaintiff alleges she lost "years of therapy and treatment" due to the mental "abuse and emotional stress that was caused." *Id.* See seeks $100,000.00 in damages. *Id.*

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that

permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Plaintiff does not clearly state a basis for her claims. Liberally construing Plaintiff's Complaint, the only potential claims attempt to redress violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

### A. Plaintiff's Claims Under the ADA

#### 1. Exhaustion and Timeliness

To pursue discrimination and retaliation claims under the ADA, Plaintiff must exhaust all administrative remedies. To accomplish this, a plaintiff must seek relief through the Equal Employment Opportunity Commission ("EEOC") 42 U.S.C. § 12117(a) (stating that the remedies and procedures outlined in Title VII, including those pertaining to exhaustion, apply to disability discrimination claims under the ADA). The EEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or decide there is no reasonable cause. *Id.* If the EEOC determines that there is no reasonable cause, the agency will issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1). In ADA cases, the charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on her charge. 42 U.S.C. § 2000e-5(f)(1).

Here, Plaintiff alludes to a "right to sue" issued by the EEOC related to her retaliation claim but did not state when she received the letter, nor did Plaintiff attach the right to sue letter to the Complaint. Without any allegation

or a copy of the right to sue letter, the Court cannot determine whether Plaintiff exhausted her administrative remedies, even for purposes of initial review. Accordingly, to the extent Plaintiff asserts a claim under the ADA, the Court cannot determine whether Plaintiff has exhausted her administrative remedies or whether her claim is timely.

### 2. Potential ADA Claims

Even assuming Plaintiff properly exhausted her administrative remedies, she has not stated a claim under the ADA. Title I of the ADA prohibits a covered entity from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination includes "not making reasonable accommodations to the known physical or mental limitations" of an employee, unless the employer can "demonstrate that the accommodation would impose an undue hardship on the operation of the business." *Sharbono v. N. States Power Co.*, 902 F.3d 891, 894 (8th Cir. 2018) (quoting 42 U.S.C. § 12112(b)(5)(A)).

"Disability" under the ADA means that the individual (a) has a physical or mental impairment that substantially limits one or more major life activities; (b) has a record of such an impairment; or (c) is regarded as having such an impairment. *See* 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g)(2). "An individual may establish coverage under any one or more of these three prongs of the definition of disability . . . ." 29 C.F.R. § 1630.2(g)(2).

Under the first prong, "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. §

12102(2)(A).  "[A] major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions."  42 U.S.C.A. § 12102(2)(B).

"The term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA."  29 C.F.R. § 1630.2(j)(1).  Under the regulations, an impairment is a disability "if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population."  29 C.F.R. § 1630.2(j)(2).  "An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting."  *Id*.

"An individual has a record of a disability if the individual has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities."  29 C.F.R. § 1630.2(k)(1).  An employee is "regarded as having such an impairment" if the employee "establishes that he or she has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C.A. § 12102(3).

### 3. Disability Discrimination

To the extent Plaintiff intends to assert a claim for disability discrimination, she fails to plead a prima facie case adequately.  To establish a prima facie case of disability discrimination, a plaintiff must show that he (1) has a "disability" within the meaning of the ADA, (2) is a "qualified individual" under the ADA, and (3) suffered an "adverse employment action" as a result of the disability.  *Denson v. Steak 'n Shake, Inc.*, 910 F.3d 368, 370 (8th Cir. 2018).

The Court recognizes that "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case," *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002), *overruled in part on other grounds by Twombly,* 550 U.S. 544. Even so, the elements of a successful ADA claim are still "'part of the background against which a plausibility determination should be made.'" *Cook v. George's, Inc.*, 952 F.3d 935, 939 (8th Cir. 2020) (quoting *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (quotation omitted)).

"The court's task, then, is not to determine whether the Complaint pleads the elements of a prima facie case of discrimination under the *McDonnell Douglas* framework, but to determine whether the Complaint alleges facts showing plausibly that [Defendant] has discriminated against Plaintiff based on [her] . . . disability." *Smith v. PayPal, Inc.*, No. 8:12CV226, 2013 WL 2444032, at *11 (D. Neb. June 4, 2013). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). In sum, to state a claim upon which relief may be granted, Plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Numerous deficiencies in Plaintiff's Complaint prevent the Court from drawing this inference. First, although the Complaint states that Plaintiff "suffers from mental illness" and later had a "mental break down," the Complaint contains no facts describing the nature of Plaintiff's disability or how her disability limits her major life activities. Further, Plaintiff does not allege she is a "qualified" individual with a disability. Plaintiff does not identify the position she holds, much less indicate she satisfied the requisite

skill, experience, education, and other job-related requirements of her position. Relatedly, she does not allege any facts that allow the Court to infer that, with or without reasonable accommodation, she could perform her position's essential functions. *Denson v. Steak 'n Shake, Inc.*, 910 F.3d 368, 370-71 (8th Cir. 2018). Finally, the Complaint only states that she was "put in situations that was [sic] not good for my mental illness" and that she was "threatened by HR team." Filing No. 1 at 4. The Court cannot infer from these vague statements that Plaintiff suffered an adverse employment action. Without this basic information, the Complaint fails to state a plausible claim for relief.

### 4. Retaliation

Plaintiff similarly fails to state a claim for retaliation under the ADA. "To establish unlawful retaliation under the ADA, a plaintiff must show that (1) she engaged in a statutorily protected activity, (2) the employer took an adverse action against her, and (3) there was a causal connection between the adverse action and the protected activity." *Hill v. Walker*, 737 F.3d 1209, 1218 (8th Cir. 2013) (citing *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir. 1999)).

As noted above, even if Plaintiff sufficiently alleged that she engaged in a statutorily protected activity, she has failed to allege any facts that suggest Defendant took an adverse employment action against her. An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1060 (8th Cir. 2016). Examples include "[t]ermination, cuts in pay or benefits, and changes that affect an employee's future career prospects." *Id*. (quoting *KeyCite Red-striped FlagBuboltz v. Residential Advantages, Inc.*, 523 F.3d 864, 868 (8th Cir. 2008)). Plaintiff alleges only that HR threatened her and was treated terribly in response to her report to the EEOC. These vague

7

statements do not support an allegation of an adverse employment action, nor do they support a causal connection between her initial EEOC complaint and any adverse employment action. Thus, Plaintiff has failed to state a plausible retaliation claim under the ADA.

## B. Plaintiff's Potential Claims Under the FMLA

To the extent Plaintiff attempts to state a claim under the FMLA, her Complaint also fails to set forth sufficient facts. The Eighth Circuit has recognized three categories of FMLA claims arising under 29 U.S.C. § 2615(a)(1)-(2):

> (i) entitlement claims, in which an employee alleges a denial of a benefit to which he was entitled under the statute; (ii) discrimination claims, in which an employee alleges that the employer discriminated against him in the terms and conditions of employment because the employee exercised rights to which he was entitled under the FMLA; and (iii) retaliation claims, in which an employee alleges that the employer took adverse action against him for opposing a practice made unlawful under the FMLA.

*Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517-18 (8th Cir. 2015). Plaintiff's Complaint, even construed broadly, fails to state a claim under any of these categories.

"The first type [of FMLA claim], arising under § 2615(a)(1), occurs where an employer refuses to authorize leave under the FMLA or takes other action to avoid responsibilities under the Act." *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012); *see also Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006); 29 C.F.R. § 825.220(b). "An employee proceeding on this theory need not show that an employer acted with discriminatory intent." *Pulczinski*, 691 F.3d at 1005 (citing *Throneberry v. McGehee Desha Cnty. Hosp.,* 403 F.3d 972, 979 (8th Cir. 2005)). Plaintiff makes no allegation that Defendant denied her a benefit under the FMLA. She acknowledges that she took leave under the FMLA, but her allegations are too

8

vague to support any assertion that she was otherwise denied benefits under the FMLA.

The second category of FMLA claim arises when an employer takes adverse action against an employee because the employee exercises rights under the FMLA. *Pulczinski*, 691 F.3d at 1005. Under this category, the employer does not deny the employee from receiving FMLA benefits. *Id.* Rather, the employee alleges that after she exercised her FMLA rights, "the employer discriminated against [her] in the terms and conditions of employment. An employee making this type of claim must prove that the employer was motivated by the employee's exercise of rights under the FMLA." *Id.* (citing *Sisk v. Picture People, Inc.,* 669 F.3d 896, 900 (8th Cir. 2012); *see also Stallings v. Hussmann Corp.,* 447 F.3d 1041, 1051 (8th Cir. 2006)). As stated above, Plaintiff's vague allegations are insufficient to infer she suffered an adverse employment action, much less that Defendant took an adverse employment action motivated by Plaintiff exercising her rights under the FMLA.

The third type of claim arising under § 2615(a)(2) is analogous to retaliation claims under Title VII and other federal antidiscrimination statutes. *Pulczinski*, 691 F.3d at 1005. "If an employee opposes any practice made unlawful under the FMLA . . . then the employer may not for that reason take adverse action against the employee who is engaged in the opposition." *Id.* (citations omitted). Plaintiff has alleged no facts that suggest she opposed any practice made unlawful under the FMLA. Thus, as currently alleged, no plausible claim for relief is stated.

## IV.  CONCLUSION

As it stands, Plaintiff's Complaint fails to allege a claim against Defendant upon which relief may be granted.  However, on its own motion, the Court will permit Plaintiff to amend her Complaint to (1) sufficiently allege claims against Defendant under the ADA and/or FMLA and (2) to allege whether she exhausted his administrative remedies with the EEOC with respect to her ADA claims and, if so, the date on which she received a right-to-sue notice.  Plaintiff should be mindful to describe how Defendant discriminated against Plaintiff and must also include additional factual allegations to address the deficiencies identified by this Court.

IT IS THEREFORE ORDERED that:

1.  Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.  In her amended complaint, Plaintiff must comply with federal pleading requirements. Plaintiff should be mindful to describe how Defendant discriminated against her.  To that end, Plaintiff may use the enclosed form civil complaint for employment discrimination if she so chooses.

3.  In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.  Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims in the event she files an amended complaint.

5. The Clerk of the Court is directed to send to Plaintiff the Pro Se 7 Form Complaint for Employment Discrimination.

6. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **June 12, 2025**: amended complaint due.

Dated this 13th day of May, 2025.

BY THE COURT:

*[signature]*

John M. Gerrard
Senior United States District Judge